IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| DIRECT MARKETING SERVICES, LLC and DOUG BROOKS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:04-CV-508 |
| BLUEGREEN CORPORATION, CHRIS BARNES, HARPER ENTERPRISES, LLC, and JOE HARPER, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Presently before the court are the following motions: "Defendant Bluegreen Corporation's Motion to Dismiss" [doc. 3]; "Defendant Chris Barnes' Motion to Dismiss and Motion for Judgment on the Pleadings" [doc. 7]; and "Plaintiffs' Motion to Remand" [doc. 9]. For the reasons provided below, defendants' motions will be granted and plaintiffs' motion will be denied.

I.

*Factual Background*

Plaintiffs state that they entered into a 2003 agreement to sublease space at a gas station owned by defendant Harper Enterprises, LLC near the Great Smoky Mountains National Park. Defendant Joe Harper is alleged to be the owner of Harper Enterprises. The

agreement indicates that the subleased space was to be utilized for various tourism-related activities including the advertising of "timeshare sales presentations."

Plaintiffs allege that the staff of a rival entity, Laurel Crest Resort, soon began sabotaging their marketing efforts by removing timeshare advertising signs from (and "boycotting") the gas station. Purportedly due to the "devastating" loss of business caused by the Laurel Crest boycott, Harper Enterprises terminated the sublease.

The present complaint provides that "[t]his termination was in fact an amicable breach tolerated by [plaintiffs]." Nonetheless, under the theories of conversion, intentional infliction of emotional distress, inducement of breach of contract, and "harm to business reputation," plaintiffs now seek compensatory and punitive damages totaling $1,552,000.00, "plus attorney fess [sic]."

II.

*Procedural Background*

The present litigation offers the court its second opportunity to adjudicate this dispute. Previously, by civil action 3:04-CV-112, plaintiff "Direct Marketing Services, LLC" leveled identical allegations against defendant "Laurel Crest Resort a Bluegreen Resort." That case, like the instant complaint, was removed to this court from the Circuit Court for Sevier County, Tennessee.

By memorandum and order dated April 28, 2004, the undersigned dismissed civil action 3:04-CV-112. Therein, the court specifically concluded that defendant Laurel

2

Crest Resort is not a legal entity and thus does not have the capacity to be sued. *Direct Mktg. Servs., LLC v. Laurel Crest Resort*, No. 3:04-CV-112, slip op. at 3-4 (E.D. Tenn. Apr. 28, 2004). More importantly, the court concluded that plaintiff Direct Market Services, LLC, as an administratively dissolved limited liability company, does not have the capacity to sue. *Id*. at *3.

Seemingly unphased by this court's prior ruling that it "***does not have the capacity to sue***," *id*. (emphasis added), Direct Marketing Services, LLC filed the instant complaint on October 1, 2004. Therein, Direct Marketing Services, LLC ***(which the undersigned has previously found to be administratively dissolved***) identified itself as "a corporation doing business in the State of Tennessee." The complaint identifies plaintiff Doug Brooks as a Tennessee resident and the "Senior Vice President" of Direct Marketing Services, LLC. The identities and citizenships of the defendants are set forth by plaintiffs as follows:

> 1. Bluegreen Corporation "is a Florida Corporation" which "own[s], operate[s] and manage[s]" Laurel Crest Resort.
>
> 2. Chris Barnes is a Tennessee resident and the "Director of Sales for Laurel Crest Resort."
>
> 3. Harper Enterprises, LLC is "a Tennessee Limited Liability Corporation."
>
> 4. Joe Harper is a Tennessee resident.

Each of the three named Tennessee defendants appear in the complaint's factual narrative. However, plaintiffs advance causes of action against, and seek recovery

3

from, only "the Defendant, Bluegreen Corporation." [Complaint, pp. 4-5].

III

*Analysis*

A. <u>Plaintiffs' Motion for Remand</u>

This action was removed to federal court by only one of the four named defendants, Bluegreen Corporation. Citing the general rule that the unanimous consent of all defendants is required for proper removal, *see, e.g., Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003), plaintiffs move for remand. The motion fails for two reasons.

First, "technical defects in the removal procedure, such as a breach of the rule of unanimity . . . must be raised by a party within thirty days of removal or they are waived." *Id*. at 516-17 (citing 28 U.S.C. § 1447(c)). Bluegreen Corporation filed its notice of removal on November 1, 2004. Although the certificate of service appended to plaintiffs' remand motion states that "on November 30, 2004, a copy of the foregoing was filed electronically[,]" the court's docket reveals that the motion was in fact not filed until December 9, 2004. Because plaintiffs did not timely raise their unanimity objection, the issue is waived. *Id*.

Further, the rule of unanimity will not defeat removal where the nondiverse defendants have been fraudulently joined in order to defeat the court's diversity jurisdiction. *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Although this

4

exception employs the word "fraudulent," a plaintiff's motive in joining the nondiverse defendants is immaterial, and the court therefore need not find that a plaintiff's conduct was "fraudulent." *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Instead, the proper inquiry is whether the plaintiff has "at least a colorable cause of action" against the nondiverse defendants under state law. *Id.*

The court has reviewed plaintiffs' complaint. It is abundantly clear that plaintiffs seek no recovery from (and endeavor to state no claims against) the three nondiverse defendants. Bluegreen Corporation has accordingly "present[ed] sufficient evidence that [plaintiffs] could not have established a cause of action against [the] non-diverse defendants under state law." *Coyne*, 184 F.3d at 493. The rule of unanimity thus has no application to this case. *Id.*[1] Plaintiffs' motion for remand will be denied.

## B. Bluegreen Corporation's Motion to Dismiss

Plaintiffs' causes of action are based wholly on the actions of "the staff of Laurel Crest Resort." [Complaint, ¶¶ 8-12]. Plaintiffs sue Bluegreen Corporation under the theory that "Laurel Crest Resort is owned, operated and managed by Bluegreen Corporation." [Complaint, ¶ 8].

Bluegreen Corporation has filed the uncontroverted affidavit of Randi S. Tomkins, its Director of Corporate Legal Affairs. The affidavit states that Laurel Crest Resort is in fact owned by "Bluegreen Vacations Unlimited, Inc." rather than by Bluegreen

---

[1] Nor is the court's diversity jurisdiction defeated by the fraudulent joinder of the three Tennessee defendants. *Jerome-Duncan,* 176 F.3d at 907

Corporation. The affidavit further provides that "Laurel Crest Resort is not owned, operated nor [sic] managed by Bluegreen Corporation."

Since the court has been called upon to consider "matters outside the pleading" (the Tompkins affidavit) in resolving Bluegreen Corporation's Rule 12(b)(6) motion, the motion is converted to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b). This has the effect of placing the burden upon the movant to demonstrate that there is no genuine issue of disputed material fact. *See* Fed. R. Civ. P. 56(c). After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

By the Tomkins affidavit, Bluegreen Corporation has met its initial burden of demonstrating that there is no genuine issue of disputed material fact as to its liability for the actions of "the staff of Laurel Crest Resort." Plaintiffs have not responded by presenting any specific facts to show a genuine issue for trial on this point. In fact, plaintiffs have not responded to Bluegreen Corporation's argument at all. Summary judgment is accordingly appropriate, and Bluegreen Corporation will be dismissed from this case.

C. Chris Barnes' Motion to Dismiss

Defendant Barnes correctly points out that the complaint: (1) advances no causes of action against him; and (2) seeks no recovery from him. Because plaintiffs have

6

failed "to state a claim upon which relief can be granted," defendant Barnes will be dismissed. Fed. R. Civ. P. 12(b)(6).

IV.

*Plaintiffs' Standing*

Lastly, in light of the requirement that "[e]very action shall be prosecuted in the name of the real party in interest[,]" Fed. R. Civ. P. 17(a), the court must briefly address the fact that neither plaintiff is "the real party in interest" in this case. As discussed, the court made clear in civil action 3:04-CV-112 that plaintiff Direct Marketing Services, LLC, as an administratively dissolved limited liability company, does not have the capacity to sue anyone. Records of the Tennessee Secretary of State continue to indicate that Direct Marketing Services, LLC remains administratively dissolved due to non-payment of taxes. [Doc. 3, Exs. 2, 3]. Why Direct Marketing Services, LLC has filed the present action subsequent to the ruling in 3:04-CV-112 (and why the present complaint states that "Plaintiff Direct Marketing Services, LLC is a corporation doing business in the State of Tennessee") simply defies explanation.

It is again stressed that:

> Under Tennessee law: "An LLC administratively dissolved continues its existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under § 48-225-501 and notify claimants under § 48-245-502." Tenn. Code Ann. § 48-245-302(c). Therefore, under [Fed. R. Civ. P] 17(b), the plaintiff does not have the capacity to sue[.]

7

*Direct Mktg. Servs., LLC v. Laurel Crest Resort*, No. 3:04-CV-112, slip op. at 3 (E.D. Tenn. Apr. 28, 2004).

"The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile." Fed. R. Civ. P. 17(b). "The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized." *Id*. Section 48-245-302(c) of the Tennessee Code, in material part, grants an administratively dissolved LLC only the authority to take actions "necessary to wind up and liquidate its business and affairs under § 48-245-501[.]" The only conceivably relevant portion of § 48-245-501 is subsection (c)(1), which allows for "the collection of all known debts due or owing to the LLC[.]" Tenn. Code Ann. § 48-245-501(c)(1).

Assuming, without deciding, that the present litigation could fall within the parameters of subsection (c)(1), this case is nonetheless not "prosecuted in the name of the real party in interest" as determined by the law of the state (Tennessee) under which Direct Marketing Services, LLC was organized. Section 48-245-501 dictates that actions necessary to the "winding up" of an LLC can only be performed by "the board of governors of a board-managed LLC, the members of a member-managed LLC, or the managers acting under the direction of the members or board of governors[.]" Tenn. Code Ann. § 48-205-501(c). No such group, and apparently no such person, is currently before this court as a plaintiff. There is no evidence that Mr. Brooks, who is repeatedly identified only as the LLC's "Senior Vice

8

President," meets the requirements of § 48-205-501(c).

Nor is Mr. Brooks, individually, a "real party in interest" under the law of his state of domicile. The complaint alleges that both Direct Marketing Services, LLC and "Doug Brooks . . . entered in to [sic] a contractual relationship with Harper Enterprises, LLC . . . to sublease spaces at the Shell gas station[.]" [Complaint, ¶ 7]. The actual contract however, although signed by Mr. Brooks, is only "entered into . . . by and between Harper Enterprises, LLC ("OWNER") and DIRECT MARKETING SERVICES, LLC[.]" [Complaint, Ex. 1] (emphasis in original).

Under Tennessee law, neither a mere agent nor an incidental beneficiary can maintain an action on a contract. *See Willard v. Claborn*, 419 S.W.2d 168, 169-70 (Tenn. 1967). The court has reviewed the Shell sublease agreement and finds no mention of Mr. Brooks. There is no evidence that Mr. Brooks (who, again, the record indicates is merely the "Senior Vice President" of Direct Marketing Services, LLC) is anything more than an incidental beneficiary of the contract. As such, he is not a "real party in interest" under Tennessee law. *Id*. at 170. The court will accordingly, by separate order and as required by the Federal Rules, allow time "for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]" Fed. R. Civ. P. 17(a); *see also Knight v. New Farmers Nat'l Bank*, No. 90-6071, 1991 WL 207056, at *2 (6th Cir. Oct. 15, 1991) (requiring that the district court allow time for ratification after the date that the court determined that it did not have the real party in interest before it).

9

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan<br>United States District Judge